LARA C. DE LEON (SBN 270252)
ldeleon@constangy.com
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
600 Anton Boulevard, Eleventh Floor
Costa Mesa, California 92626
Telephone: (949) 743-3979
Facsimile: (949) 743-3934

Attorneys for Defendant
RYDER TRANSPORTATION SOLUTIONS, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| HUMBERTO PEREZ, an individual<br><br>Plaintiff,<br><br>vs.<br><br>RYDER TRANSPORTATION SOLUTIONS, LLC, a limited liability company; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.:<br><br>[*Removed from Ventura County Superior Court Case No. 56-2022-00570401-CU-OE-VTA*]<br><br>**DEFENDANT RYDER TRANSPORTATION SOLUTIONS, LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, & 1446**<br><br>[Filed concurrently with Declaration of Delores Clark, Declaration of Nadia Noel, Civil Case Cover Sheet]<br><br>Complaint Filed:  September 26, 2022<br>Removal Date:    November 28, 2022<br>Trial Date:      None Set |

**TO THE CLERK AND THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION AND TO PLAINTIFF:**

**PLEASE TAKE NOTICE** that Defendant RYDER TRANSPORTATION SOLUTIONS, LLC ("Ryder" or "Defendant") files this Notice of Removal. This action is properly removed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because of the diversity of citizenship between the parties.

This Court has original jurisdiction over this action under section 1332 because complete diversity of citizenship exists and the amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, this action is removable under 28 U.S.C. §§ 1441 and 1446. The following is a short and plain statement of Defendant's grounds for removal:

**PROCEDURAL BACKGROUND**

In compliance with 28 U.S.C. § 1446(a), Defendant asserts the following grounds for removal:

1. On or about September 26, 2022, Plaintiff Humberto Perez ("Plaintiff") commenced an action against Ryder by filing a Complaint in the Superior Court of the State of California, County of Ventura ("State Court"), entitled *Humberto Perez v. Ryder Transportation Solutions, LLC, et al.,* Case No. 56-2022-00570401-CU-OE-VTA (the "State Court Action"). A true and correct copy of the Complaint in the State Court Action is attached hereto as **Exhibit A**. A true and correct copy of the Civil Case Cover Sheet is attached hereto as **Exhibit B**. A true and correct copy of the Notice of Case Assignment and Mandatory Appearance is attached hereto as **Exhibit C**. A true and correct copy of the executed Notice and Acknowledgment of Receipt of Service is attached hereto as **Exhibit D**.

2. Plaintiff's Complaint alleges claims Ryder for: (1) Disability Discrimination in Violation of FEHA; (2) Failure to Reasonably Accommodate a Disability in Violation of FEHA; (3) Failure to Engage in a Good Faith Interactive Process in Violation of FEHA; (4) Retaliation in Violation of FEHA; (5) Failure to Prevent Discrimination and Retaliation in Violation of FEHA; and (6) Wrongful

Termination in Violation of Public Policy; and (7) Declaratory and Injunctive Relief Pursuant to Code of Civil Procedure sec. 1060.

3. As of the date of this Notice of Removal, no other parties have been served with the Complaint in this matter

4. Defendants "DOES 1 through 25, inclusive" have not been identified, nor is there any record of their having been served with the Complaint in the State Court Action.

**TIMELINESS OF REMOVAL**

5. Pursuant to 28 U.S.C. § 1446, a notice of removal of a civil action must be (1) filed within 30 days after the receipt by defendant, by service or otherwise, of the initial pleading setting forth the claim for relief, and (2) within one year after the commencement of the action. 28 U.S.C. § 1446(b) and (c); *see also Murphy Bros., Inc. v. Michette Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (30-day removal period runs from the date of service of the summons and complaint).

6. This Notice is timely filed in that (1) it has been filed within 30 days of October 25, 2022, the date service was effectuated on Ryder in this action, and (2) it has been filed within one year of September 26, 2022, the date Plaintiff filed his Complaint with the State Court.

7. Ryder will serve written notice of the filing of this Notice of Removal to Plaintiff as required by 28 U.S.C. § 1446(d) and will file a Notice of Removal with the clerk of the State Court, as further required by that statute.

**JURISDICTION AND VENUE ARE PROPER**

8. **Basis of Jurisdiction.** The Court has original jurisdiction over this action because complete diversity of citizenship between citizens of different states exists and the matter in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332 (a)-(b).

9. **Venue.** Venue lies in the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. §§ 84(c)(3) and

1441(a) because this Court's territorial jurisdiction includes Ventura County, California, where the State Court Action was filed and is pending.

**COMPLETE DIVERSITY OF CITIZENSHIP EXISTS**

10.  This Court has jurisdiction over this action under 28 U.S.C. § 1332(a)(1), and it may be removed to this Court pursuant to 28 U.S.C. § 1441(b). This action involves citizens of different states and complete diversity. The amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

11.  **Plaintiff is a Citizen of California.** For purposes of removal, the citizenship of a natural person is established by his or her domicile. *See* U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled); *see also Kantor v. Wellesley Galleries, Ltd.*, 704 F. 2d 1088, 1090 (9th Cir. 1983). A natural person is "domiciled" in a location "where he or she has established a fixed habitation or abode in a particular place and intends to remain there permanently or indefinitely." *Lew v. Moss*, 797 F.2d 747, 749–50 (9th Cir. 1986) (further providing that "domicile for purposes of diversity is determined as of the time the lawsuit is filed"); *see also State Farm Mutual Auto Insurance Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (residence is prima facie evidence of domicile for purposes of determining citizenship); *Middleton v. Stephenson*, 749 F.3d 1197, 1200-01 (10th Cir. 2014) (domicile is determined based on the totality of circumstances, including a party's current residence, place of employment, and representations in public documents).

12.  In this action, there is no question that Plaintiff is a citizen of California. In his Complaint, Plaintiff alleges that "at all times mentioned in this Complaint [he] was, a resident of the County of Ventura, California." (Exhibit A, Complaint at ¶ 1.) According to Ryder's most recent employment records, Plaintiff's last known mailing address was in Simi Valley, California. (Declaration of Nadia Noel ("Noel Decl."), ¶ 5.) Because there is no evidence to the contrary, Plaintiff is a citizen of the state of California for purposes of this jurisdictional analysis. *See, e.g., Adams v. W. Marine*

*Prod., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020) (holding that, in connection with removal to federal court, a person's continuing domicile in a state establishes citizenship "unless rebutted with sufficient evidence of change").

13. **Ryder is Not a Citizen of California.** For purposes of establishing diversity, a corporation is deemed to be a "citizen" of the state in which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *United Computer Systems, Inc. v. AT&T Corp.,* 298 F.3d 756, 763 (9th Cir. 2002). The United States Supreme Court has confirmed that to determine a corporation's principal place of business, a court must apply the "nerve center" test. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010) ("*Hertz*"). In pertinent part, the *Hertz* Court explained:

> We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.' And in practice it should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion). *Id.; see also 3123 SMB LLC v. Horn,* 880 F.3d 461, 465 (9th Cir. 2018).

14. Thus, under *Hertz*, the "nerve center" of a corporation is the place in which the corporation's executives and administrative functions are located. *See Scot Typewriter Co. v. Underwood Corp.*, 170 F. Supp. 862, 864-65 (S.D.N.Y. 1959) (corporation's principal place of business was New York, where its management was located, rather than Connecticut where most of its manufacturing was done). Similar to partnerships, LLCs for purposes of diversity jurisdiction are treated as "a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). "Thus, when a corporation is a member of an LLC, the citizenship of the LLC will include the state(s) of which the corporation is a citizen." *Carper v. Tribune Media*, No. CV 15-04259

MMM (SSx), 2015 WL 5636922, at *3 (C.D. Cal. Sept. 28, 2015) (Morrow, J.) (citing *Johnson*, 437 F.3d at 899).

15. Defendant is not citizen of California. Ryder's layered membership structure makes it a citizen of both Delaware and Florida. Defendant Ryder Transportation Solutions, LLC is a Delaware LLC whose sole member is Ryder System, Inc. *See* Declaration of Delores Clark ("Clark Decl.") ¶ 3. Ryder System, Inc. is a corporation that is incorporated under the laws of the State of Delaware, with its corporate headquarters and principal place of business located in Miami, Florida. (Clark Decl. at ¶ 5.) Florida is indisputably the "nerve center" of Ryder System, Inc. because it is where the majority of its executive, operational, and administrative functions are performed. (Clark Decl. ¶ 6.) Specifically:

a. Ryder System, Inc.'s corporate headquarters and home offices are located at 11690 N.W. 105th Street, Miami, Florida 33178. (Clark Decl. ¶ 5.)

b. Most of Ryder System, Inc.'s senior executives are located at the corporate headquarters, where day-to-day control over Ryder System, Inc.'s business is located. (*Id.* at ¶ 6)

c. Virtually all the corporate decisions of Ryder System, Inc., including operational, executive, administrative, and policymaking decisions, are made at its Miami, Florida headquarters. (*Id.*)

Since Ryder System, Inc. is a citizen of Delaware and Florida, Defendant is also a citizen of Delaware and Florida. *See Tribune Media*, 2015 WL 5635922, at *3 (denying motion to remand where the defendant, a limited liability company, had a sole member who was another limited liability company, and the sole member of that limited liability company was a corporation with a place of incorporation in Delaware and a principal place of business in Illinois); *Baghdasarian v. Macy's Inc.*, No. 2:21-CV-04153-AB (MAAx), 2021 WL 4026760, at *6 (C.D. Cal. Sept. 2, 2021) (Birotte Jr., J) (determining complete diversity of citizenship existed where a defendant, a

limited liability company with layered membership structure that included both a limited liability company and a corporation, was a citizen of Delaware and New York); *Nunez v. Dean Food Vegetable Co.*, No. CV 16-04549-BRO (RAO), 2016 WL 4445742, at *3 (C.D. Cal. Aug. 22, 2016) (O'Connell, J.) (denying motion to remand where the defendant, a limited liability company, had a layered membership structure with citizenship with both Wisconsin and Texas).

16. Thus, Plaintiff and Defendant are "citizens of different States" under 28 U.S.C. § 1332(a).

17. **Fictitious "Doe" Defendants are Disregarded.** The Complaint also names as defendants DOES 1 through 25, which Plaintiff alleges are defendants being sued in their fictitious names. *See* Exhibit A, Complaint. Does 1 through 25 are fictitious defendants which are not parties to this action, are not required to join in a removal petition, and must be disregarded for removal purposes. *See* 28 U.S.C. §§ 1441(a) and 1447(e); *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) ("citizenship of fictitious defendants is disregarded for removal purposes"); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (inclusion of "Doe" defendants in a state court complaint has no effect on removal). Thus, the inclusion of "Doe" defendants in Plaintiff's Complaint has no effect on Defendant's ability to remove this case to federal court.

**THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

18. **The Amount in Controversy Requirement.** The U.S. Supreme Court has affirmed that a notice of removal need only contain a "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 551, 551 (2014), citing 28 U. S. C. §1446(a). Accordingly, a defendant need not submit evidence in support of a removal, but rather need only plausibly allege that the amount in controversy exceeds $75,000.00. *Id.* (noting that "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.").

19.     The Ninth Circuit recently held that "the amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018). If a complaint is silent as to the amount in controversy, a defendant can establish the amount by the allegations in the complaint or by setting forth facts that the amount "more likely than not" exceeds $75,000. *Sanchez v. Monument Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996). In determining whether the jurisdictional minimum is met, courts consider all recoverable damages, lost wages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

20.     **Plaintiff's Alleged Damages Exceed $75,000.**  Although Plaintiff's Complaint does not state a specific dollar amount of damages that he seeks. Plaintiff alleges claims related to his employment. Specifically, Plaintiff seeks "general damages," "special damages," "compensatory damages," "punitive damages," "pre-judgment and post-judgment interest," "reasonable attorneys' fees," "costs of suit," "declaratory … relief," and any "other relief". *See* Exhibit A, Prayer (1) – (9).

21.     Ryder denies that Plaintiff is entitled to any recovery in this action, and by filing this Notice of Removal, Ryder does not waive any defenses that may otherwise be available to it. Without waiving this position, and considering the allegations of Plaintiff's Complaint, the amount in dispute in this matter exceeds $75,000 exclusive of interest and costs.

22.     ***Compensatory Damages.***  Plaintiff was employed by Ryder as a non-exempt, full-time Driver Class A, earning $22.00 per hour. *See* Noel Decl. at ¶ 3. Plaintiff's employment with Ryder was terminated on or about May 31, 2022. *See* Noel Decl. at ¶ 4.  Plaintiff alleges that due to Ryder's conduct, he has "suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss

according to proof" *See, e.g.,* Exhibit A Complaint at ¶ 58.  Accordingly, Plaintiff seeks economic damages from Ryder, which include both back wages and front pay.

26. Past and future lost wages may be considered when evaluating the amount in controversy for purposes of diversity jurisdiction in a removed case. *James v. Childtime Childcare, Inc.*, 2007 WL 1589543, at *4, n.1 (E.D. Cal. June 1, 2007) ("The court evaluates the amount in controversy at the time of removal, **but it may consider both past and future lost wages**.") (emphasis added) (*citing Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *as amended on denial of reh'g and reh'g en banc* (Feb. 13, 2006)). In *Kroske,* the Ninth Circuit affirmed the district court's finding that the amount in controversy for a case removed to federal court would exceed $75,000 where the district court's calculation relied on both past and future wages. *Kroske, supra,* 432 F.3d at 980. Indeed, other district courts in California have "projected lost wages through trial to determine whether the jurisdictional amount in controversy has been met" for cases removed to federal court based on diversity jurisdiction. *Thompson v. Big Lot Stores, Inc.*, 2017 WL 590261, at *3 (E.D. Cal. Feb. 13, 2017) (district court affirmed removal diversity jurisdiction based on past lost wages and projected future lost wages through trial); *Tiffany v. O'Reilly Auto. Stores, Inc.*, 2013 WL 4894307, at *2-4 (E.D. Cal Sept. 11, 2013) (district court affirmed removal diversity jurisdiction based on past lost wages and projected future lost wages through trial); *see also James, supra*, at *4 & n.1 (court considered future lost wages in determining the amount in controversy for purposes of removal based on diversity jurisdiction).

27. Assuming this case proceeds to trial in June 2024 (20 months after the Complaint was served), and assuming Plaintiff remains without work through the time of trial, he will claim approximately 86 weeks of back wages, which would amount to $75,680.00 ($22.00/hour x 40 hours/week x 86 weeks). Moreover, this does not include potential future lost wages, which in California, can potentially span several years. Assuming Plaintiff seeks a front pay award of four years (which is a

conservative estimate if this scenario applied), that amount would total an additional $183,040.00, for a total of $258,720.00 in front pay and back pay damages. *See Smith v. Brown-Forma Distillers Corp.*, 196 Cal. App. 3d 503, 518 (1989) (upholding an award of front pay until mandatory retirement age reached); *Rabaga-Alvarez v. Dart Industries, Inc.*, 55 Cal. App. 3d 91, 97 (1976) (awarding a front pay award spanning over a four-year period); *Drzewiecki v. H&R Block, Inc.*, 24 Cal. App. 3d 695, 705 (1972) (where the front pay award totaled 10 years).

28. **Emotional Distress Damages.** Plaintiff also claims that he has suffered emotional distress damages because of Ryder's actions. Specifically, he alleges that he "suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety . . . [t]he amount of damages will be ascertained at trial." *See* Exhibit A, Complaint at ¶ 38. Emotional distress damages may be considered when calculating the amount in controversy even when not clearly pled in the Complaint. *Simmons v. PCR Tech.*, 209 F.Supp.2d. 1029, 1034 (N.D.Cal. 2002); *Richmond v. Allstate, Ins. Co.*, 897 F.Supp. 447, 450 (S.D.Cal. 1995) ("the vagueness of plaintiff's pleadings with regard to emotional distress damages should not preclude this Court from noting that these damages are potentially substantial"). While Plaintiff has not quantified his emotional distress damages, when considered with his claims for compensatory damages, even a nominal demand for $25,000 in emotional distress damages would push the total claimed damages in this case beyond the $75,000 threshold.

29. **Punitive Damages.** Plaintiff also seeks punitive damages in his Complaint. Although California law does not provide any specific monetary limit on the amount of punitive damages which may be awarded pursuant to Cal. Civil Code section 3294, the proper amount of punitive damages under California law is generally based on the reprehensibility of a defendant's misdeeds, the ratio between compensatory and punitive damages, and ratio between damages and Defendant's net

worth. *See Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357 (9th Cir. 1994). Punitive damages are included in calculating the amount in controversy. *See Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F. 2d 785, 787 (9th Cir. 1963); *see also Aucina v. Amoco Oil Co.*, 871 F. Supp. 332 (S.D. Iowa 1994) ("*Aucina*").

30.　In *Aucina*, for example, the employer-defendant established that the amount in controversy exceeded the jurisdictional minimum where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. *Aucina*, 871 F. Supp. at 334. The court noted that "[b]ecause the purpose of punitive damages is to capture a Defendant's attention and deter others from similar conduct," a claim for punitive damages could exceed the jurisdictional threshold amount of $75,000 on its own. *Id.*; *Prasad v. University of Cal. Davis Med. Ctr.*, JVR No. 802857 ($60,000 punitive damage award); *Brown vs. LNP Engineering Plastics Inc.*, Cal. Super. Ct for Orange County Case No. 760384, 2 Trials Digest 3d 109 ($667,000 punitive damages award); *Carrol v. Interstate Brands Corp. dba Wonderbread, dba hostess & dba Dolly Madison, et al.*, Cal.Super.Ct. for the County of San Francisco Case No. 995728 1 C.E.L.M. 68 (Sept. 2000) ($121,000,000 punitive damage award); *Lane v. Hughes Aircraft Co.*, JVR No. 801112 ($40,000,000 punitive damage award).

31.　Based on the foregoing, it is reasonable to assume that the $75,000 threshold would be satisfied. *See Simmons*, 209 F.Supp.2d at 1034 (holding that plaintiff's employment discrimination claim exceeded the federal jurisdictional minimum, even though the lost wages at the time of removal were just $26,500, because plaintiff sought emotional distress damages, punitive damages, and attorney's fees under FEHA); *Kroske*, 432 F.3d at 980 (affirming removal of bank employee lawsuit. Even though employee earned less than $75,000 per year, because emotional distress damages in a FEHA claim could reasonably be assumed to add enough to her lost wages and front pay to exceed the jurisdictional amount); *see, e.g., White v. FCI USA, Inc.*, 319 F.3d 672, 675-76 (5th Cir. 2003) (holding that plaintiff's

wrongful termination claim exceeded $75,000 based on his "lengthy list" of compensatory damages including loss of pay, employment benefits, impaired earning capacity, emotional distress, and other remedies). Accordingly, the amount in controversy in this action exceeds the jurisdictional sum or value of $75,000.

## CONCLUSION

Complete diversity of citizenship exists in as much as Plaintiff is a citizen of California and Defendant is a citizen of Florida and Delaware. Furthermore, the amount in controversy exceeds $75,000.00. Accordingly, this Court has diversity jurisdiction of this matter pursuant to 28 U.S.C. §§ 1332, and 1441, and 1446, and Ryder has properly removed the State Court Action to this Court.

WHEREFORE, Ryder prays that the State Court Action be removed from the Superior Court of California, County of Ventura to this Court.

Date:  November 28, 2022        **CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**

By:  /s/ Lara C. de Leon
Lara C. de Leon
Attorneys for Defendants
RYDER TRANSPORTATION SOLUTIONS, LLC