# EXHIBIT A

**FREEBURG & GRANIERI, APC**
Gregory S. Freeburg (State Bar No. 275449)
greg@fgfirm.law
Christy W. Granieri (State Bar No. 266392)
christy@fgfirm.law
Anton C. Swain-Gil (State Bar No. 323237)
anton@fgfirm.law
107 S. Fair Oaks Ave, Suite 321
Pasadena, CA 91105
Telephone: (626) 486-9082

Attorneys for Plaintiff
Humberto Perez




SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF VENTURA

HUMBERTO PEREZ, an individual,

Plaintiff,

v.

RYDER TRANSPORTATION SOLUTIONS, LLC, a limited liability company; and DOES 1 through 25, inclusive,

Defendants.

**Case No.** 56-2022-00570401-CU-OE-VTA

**VERIFIED COMPLAINT FOR DAMAGES:**

1. **DISABILITY DISCRIMINATION IN VIOLATION OF FEHA – *GOVERNMENT CODE* § 12940, *ET SEQ*.**
2. **FAILURE TO REASONABLY ACCOMMODATE A DISABILITY IN VIOLATION OF FEHA – *GOVERNMENT CODE* § 12940, *ET SEQ*.**
3. **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF FEHA – *GOVERNMENT CODE* § 12940, *ET SEQ*.**
4. **RETALIATION IN VIOLATION OF FEHA – *GOVERNMENT CODE* § 12940, *ET SEQ*.**
5. **FAILURE TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF FEHA – *GOVERNMENT CODE* § 12940, *ET SEQ*.**



FREEBURG & GRANIERI

Ventura Superior Court Accepted through eDelivery submitted 09-26-2022 at 08:48:20 AM

CASE #:56-2022-00570401-CU-OE-VTA RECEIPT #: 1221001D112738 DATE PAID : 10/1/22 7:52 AM TOTAL : 435.00 TYPE : EFT

Ventura Superior Court Accepted through eDelivery submitted 09-26-2022 at 08:48:20 AM

CASE #:56-2022-00570401-CU-OE-VTA RECEIPT #: 1221001D112738 DATE PAID : 10/1/22 7:52 AM TOTAL : 435.00 TYPE : EFT

**6. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

**7. DECLARATORY AND INJUNCTIVE RELIEF PURSUANT TO *CODE OF CIVIL PROCEDURE* § 1060; *GOVERNMENT CODE* §§ 12920 and 12920.5, ET SEQ.**

**[DEMAND FOR JURY TRIAL]**

Plaintiff Humberto Perez alleges as follows on knowledge as to himself and his own acts, and on information and belief as to all other matters:

**I.**

**PARTIES**

1. Plaintiff Humberto Perez ("Perez" or "Plaintiff") is an individual who was employed by Defendant Ryder Transportation Solutions, LLC ("RTS"). Perez is, and at all times mentioned herein was, a resident of the County of Ventura, State of California.

2. RTS is, and at all times mentioned herein was, a limited liability company registered in the State of California conducting business in the County of Ventura.

3. Perez is ignorant of the true names and capacities of Defendants sued herein as DOES 1-25, inclusive, and therefore sues these Defendants by such fictitious names. Perez will amend this complaint to allege the true names and capacities of said Defendants when the same has been ascertained. Each of the fictitiously named Defendants is responsible in some manner for the acts complained of herein. Unless otherwise stated, all references to any named Defendant shall include the Doe Defendants as well.

4. Each business entity of RTS, and/or Doe Defendants 1-25, whether corporate, partnership, joint venture, unincorporated association, public entity, or other business entity of unknown form, and whether named or sued by fictitious name, is, and at all times mentioned herein was, in some manner involved in the ownership and/or operation of RTS herein. Each of the individual defendants, whether named or sued by fictitious name, whether acting in an individual capacity within or without his/her capacity as managerial agent, servant, employee,

Ventura Superior Court Accepted through eDelivery submitted 09-26-2022 at 08:48:20 AM

CASE #:56-2022-00570401-CU-OE-VTA RECEIPT #: 1221001D112738 DATE PAID : 10/1/22 7:52 AM TOTAL : 435.00 TYPE : EFT

officer, director, partner, or joint venture of each of the business entity defendants aforementioned, in committing the acts or omissions as alleged herein which resulted in damage to Perez, is and at all times mentioned herein was, also in some manner involved in the ownership and/or operation of RTS , and in doing the things herein alleged was acting with the permission and consent and/or knowledge, authorization or ratification of each of the business entity defendants mentioned above, unless otherwise stated herein.

**II.**

**FACTUAL ALLEGATIONS**

5. Perez worked for RTS as a driver from September 2018 until his unlawful termination on May 31, 2022.

6. As a driver for RTS, Perez's job responsibilities included, but were not limited to:

a. Driving to the yard to get the work vehicle;

b. Conducting pre-trip inspections;

c. Delivering new products;

d. Removing older products;

e. Driving the older products back to the yard;

f. Unloading the older products;

g. Re-loading the vehicle with new products; and,

h. Conducting post-trip inspections.

7. From September 2018 until February 26, 2021, Perez had no negative work-related issues, and had not received any disciplinary actions or write-ups.

8. On February 26, 2021, Perez injured his left shoulder while working for RTS.

9. Perez reported the injury, went out on a medical leave, and obtained appropriate medical treatment.

10. In June 2021, Perez returned to work without any work restrictions from his left shoulder injury.

11. From June 2021 until May 6, 2022, Perez had no negative work-related issues, and had not received any disciplinary actions or write-ups.



FREEBURG & GRANIERI

Ventura Superior Court Accepted through eDelivery submitted 09-26-2022 at 08:48:20 AM

CASE #:56-2022-00570401-CU-OE-VTA RECEIPT #: 1221001D112738 DATE PAID : 10/1/22 7:52 AM TOTAL : 435.00 TYPE : EFT

12. On May 6, 2022, Perez returned to the RCS yard with Marcus Leon ("Leon"), his coworker with whom Perez shared a work truck and all daily job duties and responsibilities, and had to wait two (2) or three (3) hours to re-load the truck because the new products were not ready to re-load the truck. After re-loading the truck, Perez and Leon both clocked out at the same time.

13. On approximately May 9 or 10, 2022, Josefina Carrillo ("Carrillo"), Perez's supervisor at RTS, asked him why he had not clocked out more promptly after returning to the yard on May 6, 2022. Perez told Carrillo that the delay was caused because the next day's load was not ready when they arrived, and they had to wait on the load to be prepared before re-loading the truck. Carrillo said he would have to turn the issue over to the Human Resources Department and they would discuss it further. Perez followed up and sent Carrillo the time sheets for himself and Leon for May 6, 2022 to show their time records were the same.

14. Attached hereto as **Exhibit "A"** is a true and correct copy of Perez's May 6, 2022 Time Record.

15. Attached hereto as **Exhibit "B"** is a true and correct copy of Leon's May 6, 2022 Time Record.

16. From approximately May 9 or 10, 2022 until Perez's unlawful termination on May 31, 2022, no one from RTS followed up with Perez to discuss May 6, 2022.

17. On May 17, 2022 , Perez injured his right knee and left Achilles tendon while working for RTS.

18. Perez reported his second workplace injury to Carrillo. Perez was medically evaluated and placed on a light duty work restriction. Thereafter, Carrillo told Perez to stay home until she found a light duty job posting for him.

19. Attached hereto as **Exhibit "C"** is a true and correct copy of Perez's May 17, 2022 Medical Evaluation.

20. Attached hereto as **Exhibit "D"** is a true and correct copy of Perez's May 17, 2022 Work Restriction.



FREEBURG & GRANIERI

Ventura Superior Court Accepted through eDelivery submitted 09-26-2022 at 08:48:20 AM

CASE #:56-2022-00570401-CU-OE-VTA RECEIPT #: 1221001D112738 DATE PAID : 10/1/22 7:52 AM TOTAL : 435.00 TYPE : EFT

21. On May 31, 2022, while Perez was still at home waiting for a light duty job posting, Perez was unlawfully terminated from his employment. Carrillo called Perez around 9:00 a.m. and told him he was terminated for falsifying his time records on May 6, 2022.

22. Carrillo's accusation was knowingly false.

23. At the time of his termination, Perez was being paid $22.00 per hour and receiving health, vision, dental, and retirement benefits.

24. The stated reason for Perez's termination was illegal pretext. Perez was terminated in whole, or in part, because he suffered from a known disability, and/or because he requested reasonable accommodations, and/or because he opposed practices forbidden under FEHA.

25. Leon who worked the exact same time on May 6, 2022 as Perez was not terminated. The only difference between Leon and Perez is that Perez suffered from known physical disabilities and had requested multiple reasonable accommodations – Leon had not.

26. As a result of RTS 's unlawful conduct, as set forth in this Verified Complaint, Plaintiff has suffered and continues to suffer economic damages and other damages which will be proved at the time of trial. Additionally, Plaintiff has been emotionally damaged by RTS' unlawful conduct.

**III.**

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

27. Prior to the institution of this lawsuit, Perez filed a complaint with the Department of Fair Employment and Housing ("DFEH"), pursuant to § 12900, *et seq.* of the *Government Code*, alleging that the acts described in this Verified Complaint violated the Fair Employment and Housing Act, *Government Code* § 12940, *et seq*. ("FEHA"). On June 22, 2022, the DFEH issued a "right to sue" letter, a true and correct copy of which is attached hereto, marked as **Exhibit "E"** and by this reference incorporated herein. All conditions precedent to the institution of this lawsuit have been fulfilled. This action is filed within one (1) year of the date the DFEH issued its right to sue letter.

///

///

Ventura Superior Court Accepted through eDelivery submitted 09-26-2022 at 08:48:20 AM

CASE #:56-2022-00570401-CU-OE-VTA RECEIPT #: 1221001D112738 DATE PAID : 10/1/22 7:52 AM TOTAL : 435.00 TYPE : EFT

**IV.**

**FIRST CAUSE OF ACTION**

**DISABILITY DISCRIMINATION IN VIOLATION OF FEHA –**

***GOVERNMENT CODE* § 12940, *ET SEQ.***

**(Against Defendants RTS and DOES 1-25)**

28. Plaintiff realleges and incorporates by reference all preceding paragraphs of this Verified Complaint as if fully alleged herein.

29. Defendants RTS and/or DOES 1-25 are each subject to the laws of the State of California and are entities subject to suit under FEHA for discrimination in that each of these Defendants is an employer who regularly employs five (5) or more persons.

30. At the time of his termination, Plaintiff was an employee of RTS with a physical disability within the definition of *Government Code* § 12926(j), because he suffered from an injury that limited the major lifer activity of working, and/or was regarded or treated by Defendants RTS and/or DOES 1-25 as an employee with a protected physical disability that limited the major life activity of working.

31. Defendants RTS and/or DOES 1-25 learned of Plaintiff's physical disability on May 16, 2022, when he told Carrillo of his physical injury and then his need for a temporary light duty job posting. Defendants RTS and/or DOES 1-25 remained aware of Plaintiff's physical disability throughout Plaintiff's employment until his illegal termination on or around May 31, 2022.

32. Defendants RTS and/or DOES 1-25 discriminated against Plaintiff on the basis of his physical disability in violation of *Government Code* § 12940 by engaging in such discriminatory actions against Plaintiff as described above, including, but not limited to:

a. Refusing to accommodate Plaintiff's physical disability;

b. Refusing to grant Plaintiff reasonable accommodations;

c. Refusing to engage in a good faith interactive process regarding which accommodations were available to Plaintiff;

d. Giving false and pretextual reasons for Plaintiff's termination;



FREEBURG & GRANIERI

Ventura Superior Court Accepted through eDelivery submitted 09-26-2022 at 08:48:20 AM

CASE #:56-2022-00570401-CU-OE-VTA RECEIPT #: 1221001D112738 DATE PAID : 10/1/22 7:52 AM TOTAL : 435.00 TYPE : EFT

e. Terminating Plaintiff's employment; and

f. By the other conduct alleged above.

33. Plaintiff's physical disability, and/or perceived physical disability, and/or Plaintiff being regarded or treated as an employee with a physical disability, was a motivating reason for Defendants RTS and/or DOES 1-25's disparate and discriminatory treatment of Plaintiff.

34. As a direct and proximate result of the conduct of Defendants RTS and/or DOES 1-25, and each of them, Plaintiff has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof. Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety. The amount of Plaintiff's damages will be ascertained at trial.

35. Defendants RTS and/or DOES 1-25 acted in a despicable, oppressive, and malicious manner with the express intent of injuring or damaging Plaintiff or with conscious disregard of his rights and with the intent to vex, injure, and annoy Plaintiff, such as to constitute oppression, fraud, or malice under *Civil Code* § 3294, thereby entitling Plaintiff to punitive and exemplary damages against Defendants in a sum appropriate to punish and make an example of Defendants.

36. The acts of oppression, fraud, or malice against Plaintiff were engaged in by agents and employees of Defendants RTS and/or DOES 1-25. Defendants RTS and/or DOES 1-25 had advance knowledge of the unfitness of employees and/or agents, who acted with malice, oppression, or fraud and employed them with a conscious disregard of the rights or safety of Plaintiff, and/or authorized or ratified the wrongful conduct for which an award of punitive damages is sought, and/or was personally guilty of oppression, fraud, or malice. The advance knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud, or malice was committed by or on the part of an officer, director, or managing agent of Defendants RTS and/or DOES 1-25, thereby entitling Plaintiff to punitive and exemplary damages against Defendants RTS and/or DOES 1-25 in accordance with *Civil Code* § 3294 in a sum appropriate to punish and make an example of Defendants RTS and/or DOES 1-25.

Ventura Superior Court Accepted through eDelivery submitted 09-26-2022 at 08:48:20 AM

CASE #:56-2022-00570401-CU-OE-VTA RECEIPT #: 1221001D112738 DATE PAID : 10/1/22 7:52 AM TOTAL : 435.00 TYPE : EFT

37. FEHA provides for an award of reasonable attorneys' fees and costs incurred by the prevailing party in an action brought under its provisions. Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an award of attorneys' fees and costs under *Government Code* § 12965(b).

38. Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

**V.**

**<u>SECOND CAUSE OF ACTION</u>**

**FAILURE TO REASONABLY ACCOMMODATE A DISABILITY IN VIOLATION OF FEHA – *GOVERNMENT CODE* § 12940, *ET SEQ.***

**(Against Defendants RTS and DOES 1-25)**

39. Plaintiff realleges and incorporates by reference all preceding paragraphs of this Verified Complaint as if fully alleged herein.

40. Defendants RTS and/or DOES 1-25 are each subject to the laws of the State of California and are entities subject to suit under FEHA for discrimination in that each of these Defendants is an employer who regularly employs five (5) or more persons.

41. At the time of his termination, Plaintiff was an employee of RTS with a physical disability within the definition of *Government Code* § 12926(j), because he suffered from an injury that limited the major lifer activity of working, and/or was regarded or treated by Defendants RTS and/or DOES 1-25 as an employee with a protected physical disability that limited the major life activity of working.

42. Defendants RTS and/or DOES 1-25 learned of Plaintiff's physical disability on May 16, 2022, when he told Carrillo of his physical injury and then his need for a temporary light duty job posting. Defendants RTS and/or DOES 1-25 remained aware of Plaintiff's physical disability throughout Plaintiff's employment until his illegal termination on or around May 31, 2022.

Ventura Superior Court Accepted through eDelivery submitted 09-26-2022 at 08:48:20 AM

CASE #:56-2022-00570401-CU-OE-VTA RECEIPT #: 1221001D112738 DATE PAID : 10/1/22 7:52 AM TOTAL : 435.00 TYPE : EFT

43. Defendants RTS and/or DOES 1-25 refusals to reasonably accommodate Plaintiff included, but not limited to:

a. Refusing to accommodate Plaintiff's physical disability;

b. Refusing to grant Plaintiff reasonable accommodations;

c. Refusing to engage in a good faith interactive process regarding which accommodations were available to Plaintiff;

d. Giving false and pretextual reasons for Plaintiff's termination;

e. Terminating Plaintiff's employment; and

f. By the other conduct alleged above.

44. Defendants RTS and/or DOES 1-25 violated *Government Code* § 12940(m) by failing and refusing to provide Plaintiff with reasonable accommodations for his known physical disability, and/or perceived physical disability, despite the availability of such accommodations.

45. Plaintiff's physical disability, and/or perceived physical disability, and/or Plaintiff being regarded or treated as an employee with a physical disability, was a motivating reason for Defendants RTS and/or DOES 1-25's disparate and discriminatory treatment of Plaintiff.

46. As a direct and proximate result of the conduct of Defendants RTS and/or DOES 1-25, and each of them, Plaintiff has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof. Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety. The amount of Plaintiff's damages will be ascertained at trial.

47. Defendants RTS and/or DOES 1-25 acted in a despicable, oppressive, and malicious manner with the express intent of injuring or damaging Plaintiff or with conscious disregard of his rights and with the intent to vex, injure, and annoy Plaintiff, such as to constitute oppression, fraud, or malice under *Civil Code* § 3294, thereby entitling Plaintiff to punitive and exemplary damages against Defendants in a sum appropriate to punish and make an example of Defendants.

Ventura Superior Court Accepted through eDelivery submitted 09-26-2022 at 08:48:20 AM

CASE #:56-2022-00570401-CU-OE-VTA RECEIPT #: 1221001D112738 DATE PAID : 10/1/22 7:52 AM TOTAL : 435.00 TYPE : EFT

48. The acts of oppression, fraud, or malice against Plaintiff were engaged in by agents and employees of Defendants RTS and/or DOES 1-25. Defendants RTS and/or DOES 1-25 had advance knowledge of the unfitness of employees and/or agents, who acted with malice, oppression, or fraud and employed them with a conscious disregard of the rights or safety of Plaintiff, and/or authorized or ratified the wrongful conduct for which an award of punitive damages is sought, and/or was personally guilty of oppression, fraud, or malice. The advance knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud, or malice was committed by or on the part of an officer, director, or managing agent of Defendants RTS and/or DOES 1-25, thereby entitling Plaintiff to punitive and exemplary damages against Defendants RTS and/or DOES 1-25 in accordance with *Civil Code* § 3294 in a sum appropriate to punish and make an example of Defendants RTS and/or DOES 1-25.

49. FEHA provides for an award of reasonable attorneys' fees and costs incurred by the prevailing party in an action brought under its provisions. Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an award of attorneys' fees and costs under *Government Code* § 12965(b).

50. Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

**VI.**

**THIRD CAUSE OF ACTION**

**FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF FEHA – *GOVERNMENT CODE* § 12940, *ET SEQ.***

**(Against Defendants RTS and DOES 1-25)**

51. Plaintiff realleges and incorporates by reference all preceding paragraphs of this Verified Complaint as if fully alleged herein.

52. Defendants RTS and/or DOES 1-25 are each subject to the laws of the State of California and are entities subject to suit under FEHA for discrimination in that each of these Defendants is an employer who regularly employs five (5) or more persons.

Ventura Superior Court Accepted through eDelivery submitted 09-26-2022 at 08:48:20 AM

CASE #:56-2022-00570401-CU-OE-VTA RECEIPT #: 1221001D112738 DATE PAID : 10/1/22 7:52 AM TOTAL : 435.00 TYPE : EFT

53. At the time of his termination, Plaintiff was an employee of RTS with a physical disability within the definition of *Government Code* § 12926(j), because he suffered from an injury that limited the major lifer activity of working, and/or was regarded or treated by Defendants RTS and/or DOES 1-25 as an employee with a protected physical disability that limited the major life activity of working.

54. Defendants RTS and/or DOES 1-25 learned of Plaintiff's physical disability on May 16, 2022, when he told Carrillo of his physical injury and then his need for a temporary light duty job posting. Defendants RTS and/or DOES 1-25 remained aware of Plaintiff's physical disability throughout Plaintiff's employment until his illegal termination on or around May 31, 2022.

55. Defendants RTS and/or DOES 1-25 failure to engage in a good faith interactive process with Plaintiff to determined reasonable accommodations for his physical disability including, but not limited to:

a. Refusing to accommodate Plaintiff's physical disability;

b. Refusing to grant Plaintiff reasonable accommodations;

c. Refusing to engage in a good faith interactive process regarding which accommodations were available to Plaintiff;

d. Giving false and pretextual reasons for Plaintiff's termination;

e. Terminating Plaintiff's employment; and

f. By the other conduct alleged above.

56. Defendants RTS and/or DOES 1-25 violated *Government Code* §§ 12926.1(e) and 12940, *et seq*. by failing and refusing to engage in the interactive process in a good faith effort to provide Plaintiff with reasonable accommodations for his known physical disability, and/or the physical disability he was regarded or treated as having, despite his requests for reasonable accommodation.

57. Plaintiff's physical disability, and/or perceived physical disability, and/or Plaintiff being regarded or treated as an employee with a physical disability, was a motivating reason for Defendants RTS and/or DOES 1-25's disparate and discriminatory treatment of Plaintiff.

Ventura Superior Court Accepted through eDelivery submitted 09-26-2022 at 08:48:20 AM

CASE #:56-2022-00570401-CU-OE-VTA RECEIPT #: 1221001D112738 DATE PAID : 10/1/22 7:52 AM TOTAL : 435.00 TYPE : EFT

58. As a direct and proximate result of the conduct of Defendants RTS and/or DOES 1-25, and each of them, Plaintiff has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof. Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety. The amount of Plaintiff's damages will be ascertained at trial.

59. Defendants RTS and/or DOES 1-25 acted in a despicable, oppressive, and malicious manner with the express intent of injuring or damaging Plaintiff or with conscious disregard of his rights and with the intent to vex, injure, and annoy Plaintiff, such as to constitute oppression, fraud, or malice under *Civil Code* § 3294, thereby entitling Plaintiff to punitive and exemplary damages against Defendants in a sum appropriate to punish and make an example of Defendants.

60. The acts of oppression, fraud, or malice against Plaintiff were engaged in by agents and employees of Defendants RTS and/or DOES 1-25. Defendants RTS and/or DOES 1-25 had advance knowledge of the unfitness of employees and/or agents, who acted with malice, oppression, or fraud and employed them with a conscious disregard of the rights or safety of Plaintiff, and/or authorized or ratified the wrongful conduct for which an award of punitive damages is sought, and/or was personally guilty of oppression, fraud, or malice. The advance knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud, or malice was committed by or on the part of an officer, director, or managing agent of Defendants RTS and/or DOES 1-25, thereby entitling Plaintiff to punitive and exemplary damages against Defendants RTS and/or DOES 1-25 in accordance with *Civil Code* § 3294 in a sum appropriate to punish and make an example of Defendants RTS and/or DOES 1-25.

61. FEHA provides for an award of reasonable attorneys' fees and costs incurred by the prevailing party in an action brought under its provisions. Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an award of attorneys' fees and costs under *Government Code* § 12965(b).

Ventura Superior Court Accepted through eDelivery submitted 09-26-2022 at 08:48:20 AM

CASE #:56-2022-00570401-CU-OE-VTA RECEIPT #: 1221001D112738 DATE PAID : 10/1/22 7:52 AM TOTAL : 435.00 TYPE : EFT

62. Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

**VII.**

**FOURTH CAUSE OF ACTION**

**RETALIATION IN VIOLATION OF FEHA – *GOVERNMENT CODE* § 12940, *ET SEQ.***

**(Against Defendants RTS and DOES 1-25)**

63. Plaintiff realleges and incorporates by reference all preceding paragraphs of this Verified Complaint as if fully alleged herein.

64. Defendants RTS and/or DOES 1-25 are each subject to the laws of the State of California and are entities subject to suit under FEHA for discrimination in that each of these Defendants is an employer who regularly employs five (5) or more persons.

65. *Government Code* § 12940(m)(2) makes it unlawful for an employer to "retaliate or otherwise discriminate against a person for requesting accommodation under this subdivision, regardless of whether the request was granted."

66. *Government Code* § 12940(h) makes it unlawful for an employer to "discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part."

67. At the time of his termination, Plaintiff was an employee of RTS with a physical disability within the definition of *Government Code* § 12926(j), because he suffered from an injury that limited the major life activity of working, and/or was regarded or treated by Defendants RTS and/or DOES 1-25 as an employee with a protected physical disability that limited the major life activity of working.

68. Defendants RTS and/or DOES 1-25 learned of Plaintiff's physical disability on May 16, 2022, when he told Carrillo of his physical injury and then his need for a temporary light duty job posting. Defendants RTS and/or DOES 1-25 remained aware of Plaintiff's physical disability throughout Plaintiff's employment until his illegal termination on or around May 31, 2022.



FREEBURG & GRANIERI

Ventura Superior Court Accepted through eDelivery submitted 09-26-2022 at 08:48:20 AM

CASE #:56-2022-00570401-CU-OE-VTA RECEIPT #: 1221001D112738 DATE PAID : 10/1/22 7:52 AM TOTAL : 435.00 TYPE : EFT

69. Plaintiff engaged in a protected activity when he requested reasonable accommodations for his known physical disability.

70. Plaintiff also engaged in a protected activity when he opposed the discrimination and retaliation he was subjected to on the basis of his physical disability and requested reasonable accommodation.

71. Defendants RTS and/or DOES 1-25 violated *Government Code* §§ 12940(m)(2) and 12940(h) and retaliated against Plaintiff for requesting reasonable accommodations for his known physical disability and/or for opposing unlawful discrimination and retaliation by acts which included, but were not limited to, the following:

a. Refusing to accommodate Plaintiff's physical disability;

b. Refusing to grant Plaintiff reasonable accommodations;

c. Refusing to engage in a good faith interactive process regarding which accommodations were available to Plaintiff;

d. Giving false and pretextual reasons for Plaintiff's termination;

e. Terminating Plaintiff's employment; and

f. By the other conduct alleged above.

72. As a result of the foregoing conduct by Defendants RTS and/or DOES 1-25, Plaintiff was subjected to retaliation as set forth above.

73. As a direct and proximate result of the conduct of Defendants RTS and/or DOES 1-25, and each of them, Plaintiff has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof. Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety. The amount of Plaintiff's damages will be ascertained at trial.

74. Defendants RTS and/or DOES 1-25 acted in a despicable, oppressive, and malicious manner with the express intent of injuring or damaging Plaintiff or with conscious disregard of his rights and with the intent to vex, injure, and annoy Plaintiff, such as to constitute oppression, fraud, or malice under *Civil Code* § 3294, thereby entitling Plaintiff to punitive and

Ventura Superior Court Accepted through eDelivery submitted 09-26-2022 at 08:48:20 AM

CASE #:56-2022-00570401-CU-OE-VTA RECEIPT #: 1221001D112738 DATE PAID : 10/1/22 7:52 AM TOTAL : 435.00 TYPE : EFT

exemplary damages against Defendants in a sum appropriate to punish and make an example of Defendants.

75. The acts of oppression, fraud, or malice against Plaintiff were engaged in by agents and employees of Defendants RTS and/or DOES 1-25. Defendants RTS and/or DOES 1-25 had advance knowledge of the unfitness of employees and/or agents, who acted with malice, oppression, or fraud and employed them with a conscious disregard of the rights or safety of Plaintiff, and/or authorized or ratified the wrongful conduct for which an award of punitive damages is sought, and/or was personally guilty of oppression, fraud, or malice. The advance knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud, or malice was committed by or on the part of an officer, director, or managing agent of Defendants RTS and/or DOES 1-25, thereby entitling Plaintiff to punitive and exemplary damages against Defendants RTS and/or DOES 1-25 in accordance with *Civil Code* § 3294 in a sum appropriate to punish and make an example of Defendants RTS and/or DOES 1-25.

76. FEHA provides for an award of reasonable attorneys' fees and costs incurred by the prevailing party in an action brought under its provisions. Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an award of attorneys' fees and costs under *Government Code* § 12965(b).

77. Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

**VIII.**

**<u>FIFTH CAUSE OF ACTION</u>**

**FAILURE TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF FEHA – *GOVERNMENT CODE* § 12940, *ET SEQ.***

**(Against Defendants RTS and DOES 1-25)**

78. Plaintiff realleges and incorporates by reference all preceding paragraphs of this Verified Complaint as if fully alleged herein.

Ventura Superior Court Accepted through eDelivery submitted 09-26-2022 at 08:48:20 AM

CASE #:56-2022-00570401-CU-OE-VTA RECEIPT #: 1221001D112738 DATE PAID : 10/1/22 7:52 AM TOTAL : 435.00 TYPE : EFT

79. Defendants RTS and/or DOES 1-25 are each subject to the laws of the State of California and are entities subject to suit under FEHA for discrimination in that each of these Defendants is an employer who regularly employs five (5) or more persons.

80. FEHA makes it unlawful for an employer to "fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring." *Government Code* § 12940(k).

81. At the time of his termination, Plaintiff was an employee of RTS with a physical disability within the definition of *Government Code* § 12926(j), because he suffered from an injury that limited the major lifer activity of working, and/or was regarded or treated by Defendants RTS and/or DOES 1-25 as an employee with a protected physical disability that limited the major life activity of working.

82. Defendants RTS and/or DOES 1-25 learned of Plaintiff's physical disability on May 16, 2022, when he told Carrillo of his physical injury and then his need for a temporary light duty job posting. Defendants RTS and/or DOES 1-25 remained aware of Plaintiff's physical disability throughout Plaintiff's employment until his illegal termination on or around May 31, 2022.

83. Plaintiff engaged in a protected activity when he requested reasonable accommodations for his known physical disability.

84. Plaintiff also engaged in a protected activity when he opposed the discrimination and retaliation he was subjected to on the basis of his physical disability and requested reasonable accommodation.

85. Defendants RTS and/or DOES 1-25 violated *Government Code* § 12940(k) and failed to prevent discrimination and retaliation on the basis of Plaintiff's physical disability, and/or for requesting reasonable accommodations for his physical disability, and/or for opposing unlawful discrimination and retaliation, by acts which included, but were not limited to, the following:

a. Refusing to accommodate Plaintiff's physical disability;

b. Refusing to grant Plaintiff reasonable accommodations;



FREEBURG & GRANIERI

Ventura Superior Court Accepted through eDelivery submitted 09-26-2022 at 08:48:20 AM

CASE #:56-2022-00570401-CU-OE-VTA RECEIPT #: 1221001D112738 DATE PAID : 10/1/22 7:52 AM TOTAL : 435.00 TYPE : EFT

c. Refusing to engage in a good faith interactive process regarding which accommodations were available to Plaintiff;

d. Giving false and pretextual reasons for Plaintiff's termination;

e. Terminating Plaintiff's employment; and

f. By the other conduct alleged above.

86. As a result of the foregoing conduct by Defendants, Plaintiff was subjected to disability discrimination, and/or discrimination and retaliation for requesting reasonable accommodations for his physical disability and/or for opposing unlawful discrimination and retaliation, and Defendants RTS and/or DOES 1-25 failed to prevent the illegal conduct to which Plaintiff was subjected to as set forth above.

87. As a direct and proximate result of the conduct of Defendants RTS and/or DOES 1-25, and each of them, Plaintiff has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof. Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety. The amount of Plaintiff's damages will be ascertained at trial.

88. Defendants RTS and/or DOES 1-25 acted in a despicable, oppressive, and malicious manner with the express intent of injuring or damaging Plaintiff or with conscious disregard of his rights and with the intent to vex, injure, and annoy Plaintiff, such as to constitute oppression, fraud, or malice under *Civil Code* § 3294, thereby entitling Plaintiff to punitive and exemplary damages against Defendants in a sum appropriate to punish and make an example of Defendants.

89. The acts of oppression, fraud, or malice against Plaintiff were engaged in by agents and employees of Defendants RTS and/or DOES 1-25. Defendants RTS and/or DOES 1-25 had advance knowledge of the unfitness of employees and/or agents, who acted with malice, oppression, or fraud and employed them with a conscious disregard of the rights or safety of Plaintiff, and/or authorized or ratified the wrongful conduct for which an award of punitive damages is sought, and/or was personally guilty of oppression, fraud, or malice. The advance


FREEBURG & GRANIERI

Ventura Superior Court Accepted through eDelivery submitted 09-26-2022 at 08:48:20 AM

CASE #:56-2022-00570401-CU-OE-VTA RECEIPT #: 1221001D112738 DATE PAID : 10/1/22 7:52 AM TOTAL : 435.00 TYPE : EFT

knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud, or malice was committed by or on the part of an officer, director, or managing agent of Defendants RTS and/or DOES 1-25, thereby entitling Plaintiff to punitive and exemplary damages against Defendants RTS and/or DOES 1-25 in accordance with *Civil Code* § 3294 in a sum appropriate to punish and make an example of Defendants RTS and/or DOES 1-25.

90. FEHA provides for an award of reasonable attorneys' fees and costs incurred by the prevailing party in an action brought under its provisions. Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an award of attorneys' fees and costs under *Government Code* § 12965(b).

91. Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

**IX.**

**SIXTH CAUSE OF ACTION**

**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

**(Against Defendants RTS and DOES 1-25)**

92. Plaintiff realleges and incorporates by reference all preceding paragraphs of this Verified Complaint as if fully alleged herein.

93. Plaintiff was terminated by RTS and/or DOES 1-25 in whole, or in part, because he suffered from a known disability, and/or because he requested reasonable accommodations, and/or because he opposed unlawful discrimination and retaliation.

94. Defendants RTS and/or DOES 1-25 terminated Plaintiff, in whole or in part, in violation of the public policy set forth in FEHA, *Government Code* § 12940, *et seq.*, which prohibits disability discrimination, failure to provide reasonable accommodations, failure to engage in an interactive process regarding available reasonable accommodations, retaliation for requesting reasonable accommodations, and retaliation for opposing practices forbidden under FEHA.



FREEBURG & GRANIERI

Ventura Superior Court Accepted through eDelivery submitted 09-26-2022 at 08:48:20 AM

CASE #:56-2022-00570401-CU-OE-VTA RECEIPT #: 1221001D112738 DATE PAID : 10/1/22 7:52 AM TOTAL : 435.00 TYPE : EFT

95. As a proximate result of the conduct of Defendants, and each of them, Plaintiff has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof. Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety. The amount of Plaintiff's damages will be ascertained at trial.

96. In committing the foregoing acts, Defendants have been guilty of oppression, fraud, or malice under *Civil Code* § 3294, thereby entitling Plaintiff to punitive damages in a sum appropriate to punish and make an example out of each of the foregoing Defendants.

97. Defendants RTS and/or DOES 1-25's acts as alleged above were carried out by its employees, managing agents, officers and directors, and/or were directed or ratified by Defendants RTS and/or DOES 1-25's managing agents, officers and/or directors with a conscious disregard of Plaintiff' rights and with the intent to vex, injure and annoy Plaintiff, such as to constitute oppression, fraud or malice under *Civil Code* § 3294, entitling Plaintiff to punitive damages in a sum appropriate to punish and make an example of Defendants RTS and/or DOES 1-25.

98. Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

**X.**

**SEVENTH CAUSE OF ACTION**

**DECLARATORY AND INJUNCTIVE RELIEF PURSUANT TO *CODE OF CIVIL PROCEDURE* § 1060; *GOVERNMENT CODE* §§ 12920 and 12920.5, *ET SEQ.***

**(Against Defendants RTS and DOES 1-25)**

99. Plaintiff realleges and incorporates by reference all preceding paragraphs of this Verified Complaint as if fully alleged herein.

100. An actual controversy exists between Plaintiff and Defendants RTS and/or DOES 1-25, concerning whether Defendants, and each of them, violated Plaintiff's rights under the California Fair Employment and Housing Act, as alleged in this Verified Complaint. Plaintiff seeks a finding from the Court that Defendants' adverse employment actions were substantially



FREEBURG & GRANIERI

Ventura Superior Court Accepted through eDelivery submitted 09-26-2022 at 08:48:20 AM

CASE #:56-2022-00570401-CU-OE-VTA RECEIPT #: 1221001D112738 DATE PAID : 10/1/22 7:52 AM TOTAL : 435.00 TYPE : EFT

motivated by unlawful discrimination and/or retaliation, regardless of whether Defendants prove that they would have made the same employment decisions concerning Plaintiff even if discrimination and/or retaliation was not a substantial motivating factor for the adverse employment actions concerning Plaintiff. Plaintiff seeks an order from the Court condemning Defendants' discriminatory employment policies or practices, as provided by *Code of Civil Procedure* § 1060.

101. In addition, upon a finding of unlawful discrimination and/or retaliation, Plaintiff requests that the Court grant injunctive relief to stop the discriminatory and retaliatory practices which violate FEHA as provided for in *Government Code* §§ 12920, 12920.5, and California Supreme Court's decisions in *Harris v. City of Santa Monica*, 56 Cal. 4th, 203, 234-35 (2013) and *Aguilar v. Avis Rent A Car System, Inc.*, 21 Cal. 4th, 121, 131-32 (1999).

102. Under FEHA, "in order to eliminate discrimination, it is necessary to provide effective remedies that will both prevent and deter unlawful employment practices and redress the adverse effects of those practices on aggrieved persons." *Government Code* § 12920.5.

103. One of the stated purposes of FEHA is "to provide effective remedies which will eliminate" employment discrimination. *Government Code* § 12920.

104. FEHA authorizes a court to grant injunctive relief and prospective relief including but not limited to, cease and desist orders, posting of notices, training of personnel and other similar relief that is intended to correct unlawful employment practices. *Government Code* § 12926(a).

105. Upon determination that unlawful discrimination and/or retaliation was a substantial motivating factor in any employment decision concerning Plaintiff, Plaintiff requests this Court to enter an order enjoining Defendants from engaging in those practices, requiring the posting of notices containing employees' rights and detailing Defendants' violations of FEHA, requiring Defendants to effectively train their personnel in FEHA's proscriptions against discrimination and retaliation, and requiring Defendants to make periodic reports to the Court to ensure compliance by Defendants, and each of them, with their obligations under FEHA.

Ventura Superior Court Accepted through eDelivery submitted 09-26-2022 at 08:48:20 AM

CASE #:56-2022-00570401-CU-OE-VTA RECEIPT #: 1221001D112738 DATE PAID : 10/1/22 7:52 AM TOTAL : 435.00 TYPE : EFT

106. Pursuant to *Government Code* § 12965(b), Plaintiff seeks an award from the Court of reasonable attorneys' fees and costs incurred in obtaining the declaratory and injunctive relief.

WHEREFORE, Plaintiff prays for judgment as set forth below.

**PRAYER**

1. For general damages, according to proof, on each cause of action for which such damages are available;

2. For special damages, according to proof, on each cause of action for which such damages are available;

3. For compensatory damages, according to proof, on each cause of action for which such damages are available;

4. For punitive damages, according to proof, for each cause of action for which such damages are available;

5. For pre-judgment and post-judgment interest according to law;

6. For reasonable attorneys' fees incurred in this action on those causes of action for which such fees are recoverable under the applicable law;

7. For costs of suit incurred in this action;

8. For declaratory and injunctive relief for each cause of action for which such relief is available; and

9. For such other and further relief as the Court deems just and proper.

Dated: June 21, 2022

FREEBURG & GRANIERI, APC

By: *Gregory S. Freeburg*

Gregory S. Freeburg
Christy W. Granieri
Anton C. Swain-Gil
Attorneys for Plaintiff
Humberto Perez

Ventura Superior Court Accepted through eDelivery submitted 09-26-2022 at 08:48:20 AM

CASE #:56-2022-00570401-CU-OE-VTA RECEIPT #: 1221001D112738 DATE PAID : 10/1/22 7:52 AM TOTAL : 435.00 TYPE : EFT

**DEMAND FOR JURY TRIAL**

Plaintiff Humberto Perez hereby demands a trial by jury on all causes of action alleged herein in the Verified Complaint for Damages and Demand for Jury Trial.

Dated: June 21, 2022

By: *Gregory S. Freeburg*

Gregory S. Freeburg
Christy W. Granieri
Anton C. Swain-Gil
Attorneys for Plaintiff
Humberto Perez

Ventura Superior Court Accepted through eDelivery submitted 09-26-2022 at 08:48:20 AM

CASE #:56-2022-00570401-CU-OE-VTA RECEIPT #: 1221001D112738 DATE PAID : 10/1/22 7:52 AM TOTAL : 435.00 TYPE : EFT

**VERIFICATION**

I have read the foregoing Verified Complaint for Damages and Demand for Jury Trial and know its contents.

I am a party to this action. The matters stated in the Verified Complaint for Damages and Demand for Jury Trial are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

Executed on Jun 22, 2022, at Simi Valley, California.

I declare under penalty of perjury under the laws of the State of California and under the laws of the United States of America that the foregoing is true and correct.




Humberto Perez



FREEBURG&GRANIERI

Ventura Superior Court Accepted through eDelivery submitted 09-26-2022 at 08:48:20 AM

CASE #:56-2022-00570401-CU-OE-VTA RECEIPT #: 1221001D112738 DATE PAID : 10/1/22 7:52 AM TOTAL : 435.00 TYPE : EFT

# EXHIBIT A

Ventura Superior Court Accepted through eDelivery submitted 09-26-2022 at 08:48:20 AM

CASE #:56-2022-00570401-CU-OE-VTA RECEIPT #: 1221001D112738 DATE PAID : 10/1/22 7:52 AM TOTAL : 435.00 TYPE : EFT



Ryder

Watch Your Following Distance

Location: 09218 - CHARTER CA RETAIL

Order Number: 092180021187

Trip Sheet

Run Date: 05/06/2022

Promised:

Check in: ____________

Driver(s): PERHUM Humberto Perez / UNKNOWN UNKNOWN

Tractor:

Trailer(s):

Est Time: 11:50

Route: NBP-09218 Newbury Park Hourly Route

Ref #: NP_4Fri_050222

Est Miles: 0

| Stop# | Stop Information | Zone Temps | Load Information | Miles | Stop Time In / Out | ETA | Delay Reasons/Site Info |
|---|---|---|---|---|---|---|---|
| 1 | 0921809218NEWBURYPARK - NEWBURY PARK WAREHOUSE<br>2323 Teller Rd<br>Thousand Oaks, CA 91320<br>(UNK) - | 2:30 - 3:00<br>In Out<br>In Out<br>In Out<br>ReefHR ____ | | Pln: 0<br>Act: 0 | 04:00 / 04:05 E<br>Odo: 96122<br>Stop Time: 0:05 | 04:00 | |
| | ===> Delivery Instructions: Op:00:00-Cl:00:01 | | | | | | |
| 2 | 0921809218OxnardStore - OXNARD TECH YARD<br>721 Maulhardt Ave<br>Oxnard, CA 93030<br>(UNK) - | 330 - 500<br>In Out<br>In Out<br>In Out<br>ReefHR ____ | 1 Pallet IN<br>1 Pallet out | Pln: 0<br>Act: | 05:00 / 05:05 E<br>Odo: 96137<br>Stop Time: 0:05 | 05:00 | |
| | ===> Delivery Instructions: Op:00:00-Cl:00:01 | | | | | | |
| 3 | 0921809218OxnardTech - OXNARD RETAIL STORE<br>1680 E Gonzales Rd<br>Oxnard, CA 93030<br>(UNK) - | 515 - 615<br>In Out<br>In Out<br>In Out<br>ReefHR ____ | 1 Pallet IN<br>1 Pallet out | Pln: 0<br>Act: | 06:45 / 06:50 E<br>Odo: 96138<br>Stop Time: 0:05 | 06:45 | |
| | ===> Delivery Instructions: Op:00:00-Cl:00:01 | | | | | | |
| 4 | 0921809218VenturaStore1 - Ventura Store1 | | | | 08:45 / 08:50 E | 08:45 | |

Version: 20150506

Page 113 of 334

04202022053532921

Ventura Superior Court Accepted through eDelivery submitted 09-26-2022 at 08:48:20 AM

CASE #:56-2022-00570401-CU-OE-VTA RECEIPT #: 1221001D112738 DATE PAID : 10/1/22 7:52 AM TOTAL : 435.00 TYPE : EFT



0/22, 3:26 PM

Ryder

Watch Your Following Distance

Location: 09218 - CHARTER CA RETAIL

Order Number: 092180021187

Trip Sheet

Run Date: 05/06/2022

Promised:

Check in: ____________

| # | Stop | In/Out | Handwritten | Pln/Act | Odo / Stop Time | |
|---|---|---|---|---|---|---|
| | 51 West Main St<br>Ventura, CA 93001<br>(UNK) - | 7:10 - 7:45<br>In Out<br>In Out<br>In Out<br>ReefHR ____ | 1 Pallet IN<br>1 Pallet OUT | Pln: 0<br>Act: | Odo: 96149<br>Stop Time: 0:05 | |
| | ===> Delivery Instructions: Op:00:00-Cl:00:01 | | | | | |
| 5 | 0921809218THOUSANDOAKS - THOUSAND OAKS WAREHOUSE<br>162 W HILLCREST DR<br>Thousand Oaks, CA 91360 | 8:20 - 8:45<br>In Out<br>In Out<br>In Out<br>ReefHR ____ | 1 Pallet IN<br>1 Pallet OUT | Pln: 0<br>Act: | 10:30 / 10:35 E<br>Odo: 96177<br>Stop Time: 0:05 | 10:30 |
| | ===> Delivery Instructions: Op:00:00-Cl:00:01 | | | | | |
| 6 | 0921809218WESTLAKE - WESTLAKE STORE<br>3825 THOUSAND OAKS<br>Westlake Village, CA 91361 | 9:00 - 9:45<br>In Out<br>In Out<br>In Out<br>ReefHR ____ | 1 Pallet<br>1 Pallet | Pln: 0<br>Act: | 12:15 / 12:20 E<br>Odo: 96182<br>Stop Time: 0:05 | 12:15 |
| | ===> Delivery Instructions: Op:00:00-Cl:00:01 | | | | | |
| 7 | 0921809218SimiValleyStore - SIMI VALLEY STORE 2<br>1555 SIMI TOWN CENTER WAY<br>SUITE 125<br>Simi Valley, CA 93065 | 10:15 - 11:30<br>In Out<br>In Out<br>In Out<br>ReefHR ____ | 1 Pallet IN<br>1 Pallet OUT | Pln: 0<br>Act: | 14:15 / 14:20 E<br>Odo: 96201<br>Stop Time: 0:05 | 14:15 |
| | ===> Delivery Instructions: Op:00:00-Cl:00:01 | | | | | |

Version: 20150506

Page 114 of 334

04202022053532921

Ventura Superior Court Accepted through eDelivery submitted 09-26-2022 at 08:48:20 AM

CASE #:56-2022-00570401-CU-OE-VTA RECEIPT #: 1221001D112738 DATE PAID : 10/1/22 7:52 AM TOTAL : 435.00 TYPE : EFT



Ryder

Watch Your Following Distance

Location: 09218 - CHARTER CA RETAIL

Order Number:

Trip Sheet

Run Date:

Promised:

Check in: ____________

If I was precluded from timely taking any of my 10 minute uninterrupted rest breaks to which I am entitled, I have checked the box below and reported the same to my manager or dispatcher pursuant to company policy. ________

Driver Signature: ____________ Manager Signature: ____________

Version: 20150506

Page 116 of 334

04202022053532921

Ventura Superior Court Accepted through eDelivery submitted 09-26-2022 at 08:48:20 AM

CASE #:56-2022-00570401-CU-OE-VTA RECEIPT #: 1221001D112738 DATE PAID : 10/1/22 7:52 AM TOTAL : 435.00 TYPE : EFT

# EXHIBIT B

Ventura Superior Court Accepted through eDelivery submitted 09-26-2022 at 08:48:20 AM

CASE #:56-2022-00570401-CU-OE-VTA RECEIPT #: 1221001D112738 DATE PAID : 10/1/22 7:52 AM TOTAL : 435.00 TYPE : EFT

Ryder

A Good Pre-Trip is not a Good Thing to Waste

**Trip Sheet**

Location: 09218 - CHARTER CA RETAIL

Order Number: 092180021187

**Run Date: 5/6/2022**

**Check in:**

Driver(s): MARCOS LEON

Tractor:

Trailer(s):

Route:

Ref #: Friday

| Stop# | Stop Information | Load Information | Miles | Stop Time In / Out | ETA | Delay Reasons/Site Info |
|---|---|---|---|---|---|---|
| 1 | Name: NEWBURY PARK WAREHOUSE | | | ___/___ 2:30 - 3:00 | | |
| 2 | Name: NEWBURY PARK WAREHOUSE | | | ___/___ 1300 - 1400 | | |

**TRIP RECAP**

Beg Mileage: Beg Time:

End Mileage: End Time:

Tot Mileage: Tot Time:

I acknowledge that I have been provided with all the rest and meal periods to which I was entitled during the time period above including, one 10 minute rest period for every 4 hours worked (or major fraction thereof) and one 30 minute uninterrupted duty-free meal period for every 5 hours worked.

**FIRST MEAL PERIOD** Start 9:30 End 10:00

**SECOND MEAL PERIOD** Start ______ End ______

(Only complete if you work more than 10 hours and less than 12 hours in a workday and you did not waive the second meal break in writing or you worked more than 12 hours)

If I was precluded from timely taking my first and/or second 30 minute uninterrupted off-duty meal breaks, I have checked the box (or boxes) as applicable and reported the same to my manager or dispatcher pursuant to company policy.

____ Prevented from timely taking my first meal period ______ Prevented from timely taking my second meal period

If I was precluded from timely taking any of my 10 minute uninterrupted rest breaks to which I am entitled, I have checked the box below and reported the same to my manager or dispatcher pursuant to company policy. ______

Driver Signature: [signature]

Manager Signature: ______

Version: 20150506



05262022009005566I

CASE #:56-2022-00570401-CU-OE-VTA RECEIPT #: 1221001D112738 DATE PAID : 10/1/22 7:52 AM TOTAL : 435.00 TYPE : EFT

Ventura Superior Court Accepted through eDelivery submitted 09-26-2022 at 08:48:20 AM

# EXHIBIT C

Ventura Superior Court Accepted through eDelivery submitted 09-26-2022 at 08:48:20 AM

CASE #:56-2022-00570401-CU-OE-VTA RECEIPT #: 1221001D112738 DATE PAID : 10/1/22 7:52 AM TOTAL : 435.00 TYPE : EFT

Concentra Occupational Med Ctrs-CA
9700 De Soto Ave Chatsworth, CA 91311
Phone: (818) 882-8100 Fax: (818) 700-8255

# Transcription

**Patient:** Perez, Humberto **Service ID # :** 951597893
**Soc. Sec. #:** XXXXX1691 **Referral Q ID:**
**Date of Birth:** 8/17/1956 **Age:** **Injury Date:** 5/17/2022 **Service Date:** 5/17/2022
**Service Location:** CMC - LAX Chatsworth **Employer:** Ryder #8101
**Claim Number:** **Dictated By:** Kavita Sinha, MD
**Diagnosis:** S86.911A STRAIN OF UNSP MUSC/TEND AT LOWER LEG LEVEL, RIGHT LEG, INIT-S86.911A

**Notes:**

Reason For Visit
Chief Complaint: The patient presents today with right knee and left ankle pain.
Chaperone was offered: Patient declined the presence of a chaperone

Vitals
Vital Signs
Recorded: 17May2022 12:46PM
Temperature: 98.2 F
Systolic: 167
Diastolic: 102
BP Cuff Size: Large - Adult
Heart Rate: 80
Respiration: 16
Height: 5 ft 10 in
Weight: 200 lb
BMI Calculated: 28.7 kg/m2
BSA Calculated: 2.09

Medical History
No significant past medical history
FAMILY HISTORY:
The patients family history has been obtained and carefully reviewed. It has been determined that the patients family history is noncontributory to the current injury

Surgical History
History of No pertinent past surgical history (Z78.9)

Allergies
No Known Allergies

Occupational History
Occupational History
Occupational history was provided by the patient.
Type of job / Job title: Driver
Major job functions: driver
Length of time at this job: 4 year(s).
Average daily work hours: 8. Average weekly work hours: 40.
Recent overtime: No

Kavita Sinha, MD

**Documented By: Kavita Sinha, MD**
**Documented On:** 5/17/2022 1:25 PM


© 1996 - 2022 Concentra Health Services, Inc. All Rights Reserved.

Ventura Superior Court Accepted through eDelivery submitted 09-26-2022 at 08:48:20 AM

CASE #:56-2022-00570401-CU-OE-VTA RECEIPT #: 1221001D112738 DATE PAID : 10/1/22 7:52 AM TOTAL : 435.00 TYPE : EFT

Concentra Occupational Med Ctrs-CA
9700 De Soto Ave Chatsworth, CA 91311
Phone: (818) 882-8100 Fax: (818) 700-8255

# Transcription

**Patient:** Perez, Humberto
**Soc. Sec. #:** XXXXX1691
**Date of Birth:** 8/17/1956 **Age:**
**Service Location:** CMC - LAX Chatsworth
**Claim Number:**
**Service ID # :** 951597893
**Referral Q ID:**
**Injury Date:** 5/17/2022 **Service Date:** 5/17/2022
**Employer:** Ryder #8101
**Dictated By:** Kavita Sinha, MD
**Diagnosis:** S86.911A STRAIN OF UNSP MUSC/TEND AT LOWER LEG LEVEL, RIGHT LEG, INIT-S86.911A

**Notes:**

History of Present Illness

The patient arrived unscheduled with an injury/condition which required the clinician to provide immediate attention. Based upon the assessment, and the urgency of the presenting condition(s), services were provided on an emergent basis interrupting the clinician s usual services in the clinic.

Humberto Perez is a 65 year male here for an initial evaluation of an injury sustained on 17 May 2022 8:30AM.

Mechanism of Injury: the patient was at work when he was stepping out of truck, left shoelace untied and stpped on it with right foot causing both left ankle to twist, injuring back of ankle at Achilles tendon and right knee to pivot right while foot remained stationary and now with swelling and pain of right knee

Currently the patient has moderate dull pain in the right knee and left Achilles tendon at ankle

There are no other associated symptoms.

Has previous work related injuries to left shoulder and lower back

.

Review of Systems

Constitutional: no fever.
Eyes: no eye pain.
Cardiovascular: Reviewed and found to be negative.
Respiratory: no shortness of breath.
Gastrointestinal: no abdominal pain.
Musculoskeletal: joint pain.
Integumentary: no rashes.
Neurological: no headache.
Psychiatric: no anxiety.
Hematologic and Lymphatic: doesn t bleed easily.

Physical Exam

GENERAL: alert, awake, in no acute distress.
HEAD: atraumatic, no masses noted.

Kavita Sinha, MD

**Documented By: Kavita Sinha, MD**
**Documented On:** 5/17/2022 1:25 PM


© 1996 - 2022 Concentra Health Services, Inc. All Rights Reserved.

Ventura Superior Court Accepted through eDelivery submitted 09-26-2022 at 08:48:20 AM

CASE #:56-2022-00570401-CU-OE-VTA RECEIPT #: 1221001D112738 DATE PAID : 10/1/22 7:52 AM TOTAL : 435.00 TYPE : EFT

**Concentra Occupational Med Ctrs-CA**
9700 De Soto Ave Chatsworth, CA 91311
Phone: (818) 882-8100 Fax: (818) 700-8255

# Transcription

**Patient:** Perez, Humberto **Service ID #:** 951597893
**Soc. Sec. #:** XXXXX1691 **Referral Q ID:**
**Date of Birth:** 8/17/1956 **Age:** **Injury Date:** 5/17/2022 **Service Date:** 5/17/2022
**Service Location:** CMC - LAX Chatsworth **Employer:** Ryder #8101
**Claim Number:** **Dictated By:** Kavita Sinha, MD
**Diagnosis:** S86.911A STRAIN OF UNSP MUSC/TEND AT LOWER LEG LEVEL, RIGHT LEG, INIT-S86.911A

**Notes:**

EYES: Extraocular muscles intact, Pupils equal and round
EARS, NOSE, MOUTH AND THROAT: external appearance of ears and nose normal, hearing
normal.
RESPIRATORY: no labored breathing, chest appearance normal.
SKIN: normal by inspection, dry.
NEUROLOGIC: sensation and motor strength normal.
PSYCHIATRIC: mood and affect normal; speech normal.
EXAM OF THE LEFT ANKLE:
Inspection: swelling noted a long lateral edge.
Gait is antalgic, favoring Right.
Normal range of motion.
Palpation: tenderness to palpation at the Anterior Talofibular Ligament.
Motor: 5/5 plantarflexion, dorsiflexion, inversion and eversion.
Sensory and circulatory function are normal.
Eversion Stress Test for medial instability of ankle is negative.
Inversion Stress Test for lateral instability of ankle is negative.
Anterior Drawer Sign for instability of the ankle joint is negative.
Thompson Squeeze Test for integrity of the Achilles tendon is negative.
Opposite ankle is normal.
EXAM OF THE RIGHT KNEE:
Inspection: gross exam of the knee is swollen
Gait is antalgic.
Heel and toe walks with difficulty.
Range of motion of the knee is limited
Palpation of the knee elicits tenderness
McMurray Test for meniscal tears is equivocal
Anterior Posterior / Drawer Sign for integrity of cruciate ligament is equivocal
Abduction/Adduction Stress Tests for integrity of collateral ligament is negative.
Apprehension test for left patellar dislocation or subluxation is negative.
Bulge Sign I Ballottement Test for joint effusion is negative.
Patellofemoral grinding test for retropatellar pathology is negative.
Exam of the opposite knee is normal.
Sensory and circulatory function of the lower extremity is normal.
Hip and ankle range of motion is normal.

Radiology Results
Degenerative changes, OA

Kavita Sinha, MD

**Documented By:** Kavita Sinha, MD
**Documented On:** 5/17/2022 1:25 PM


© 1996 - 2022 Concentra Health Services, Inc. All Rights Reserved.

Ventura Superior Court Accepted through eDelivery submitted 09-26-2022 at 08:48:20 AM

CASE #:56-2022-00570401-CU-OE-VTA RECEIPT #: 1221001D112738 DATE PAID : 10/1/22 7:52 AM TOTAL : 435.00 TYPE : EFT

Concentra Occupational Med Ctrs-CA
9700 De Soto Ave Chatsworth, CA 91311
Phone: (818) 882-8100 Fax: (818) 700-8255

# Transcription

**Patient:** Perez, Humberto
**Soc. Sec. #:** XXXXX1691
**Date of Birth:** 8/17/1956 **Age:**
**Service Location:** CMC - LAX Chatsworth
**Claim Number:**
**Service ID # :** 951597893
**Referral Q ID:**
**Injury Date:** 5/17/2022 **Service Date:** 5/17/2022
**Employer:** Ryder #8101
**Dictated By:** Kavita Sinha, MD
**Diagnosis:** S86.911A STRAIN OF UNSP MUSC/TEND AT LOWER LEG LEVEL, RIGHT LEG, INIT-S86.911A

**Notes:**

Right knee effusion
This is a preliminary radiology interpretation. The images were sent to a radiologist for final interpretation.
Preliminary radiology results were discussed with the patient.
X-Rays were reviewed with the patient.
Final x-ray results need to be reviewed at next clinical visit.

ASSESSMENT
1. Knee strain, right, initial encounter (S86.911A)
2. Left ankle strain, initial encounter (S96.912A)
3. Achilles tendon sprain, left, sequela (S86.012S)

Plan
1. Start: Nabumetone 750 MG Oral Tablet; TAKE 1 TABLET TWICE DAILY AS NEEDED
Rx By: Sinha, Kavita; Dispense: 7 Days ; #:14 Tablet; Refill: 0;For: Achilles
tendon sprain, left, sequela; DAW = N; Verified Transmission to CONCENTRA
-
CHATSWORTH; Last Updated By: System, SureScripts; 5/17/2022 1:22:17 PM
2. Physical Therapy Referral Physical Therapy See Referral Comment! Done:
17May2022
Ordered;For: Knee strain, right, initial encounter, Left ankle strain, initial
encounter; Ordered By: Sinha, Kavita Performed: Due: 31May2022
Laterality 2 : Right
Body Part 2 : Knee
Laterality 1 : Left
Body Part 1 : Ankle
PT Necessary : PT is medically necessary to address objective impairment/functional
loss and to expedite return to full activity
Frequency : 3 x week
Duration : 2 weeks
Therapy Order : Evaluate and Treat
3. X-Ray, Left ankle; complete, minimum of 3 views; Done: 17May2022
Perform:RAMSOFT; Due:24May2022; Last Updated By:Garcia, Fabiola N;
5/17/2022 1:14:
38 PM;Ordered; For:Achilles tendon sprain, left, sequela, Knee strain,
right,

Kavita Sinha, MD

**Documented By:** Kavita Sinha, MD
**Documented On:** 5/17/2022 1:25 PM


© 1996 - 2022 Concentra Health Services, Inc. All Rights Reserved.

Ventura Superior Court Accepted through eDelivery submitted 09-26-2022 at 08:48:20 AM

CASE #:56-2022-00570401-CU-OE-VTA RECEIPT #: 1221001D112738 DATE PAID : 10/1/22 7:52 AM TOTAL : 435.00 TYPE : EFT

Concentra Occupational Med Ctrs-CA
9700 De Soto Ave Chatsworth, CA 91311
Phone: (818) 882-8100 Fax: (818) 700-8255

# Transcription

**Patient:** Perez, Humberto **Service ID # :** 951597893
**Soc. Sec. #:** XXXXX1691 **Referral Q ID:**
**Date of Birth:** 8/17/1956 **Age:** **Injury Date:** 5/17/2022 **Service Date:** 5/17/2022
**Service Location:** CMC - LAX Chatsworth **Employer:** Ryder #8101
**Claim Number:** **Dictated By:** Kavita Sinha, MD
**Diagnosis:** S86.911A STRAIN OF UNSP MUSC/TEND AT LOWER LEG LEVEL, RIGHT LEG, INIT-S86.911A

**Notes:**

initial encounter, Left ankle strain, initial encounter; Ordered By:Sinha, Kavita;
Was patient shielded? : Yes
4. X-Ray, Right knee; 3 views; Done: 17May2022
Perform:RAMSOFT; Due:24May2022; Last Updated By:Garcia, Fabiola N; 5/17/2022 1:14:
38 PM;Ordered; For:Achilles tendon sprain, left, sequela, Knee strain, right,
initial encounter, Left ankle strain, initial encounter; Ordered By:Sinha, Kavita;
Was patient shielded? : Yes

Supplies dispensed today for home use. The patient was instructed to use as directed
for reduction of pain.
Hinged Knee Support
Ankle Sleeve
Custom Touch 2 Moist Electric Heat Pad
Hot/Cold pack

ALL THE PATIENT S MEDICATIONS FOR THIS ENCOUNTER WERE DISPENSED IN THE CENTER.

Discussion/Summary
Humberto Perez is a 65 year male here for an initial evaluation of an injury
sustained on 17 May 2022 8:30AM.
Mechanism of Injury: the patient was at work when he was stepping out of truck, left
shoelace untied and stepped on it with right foot causing both left ankle to twist,
injuring back of ankle at Achilles tendon and right knee to pivot right while foot
remained stationary and now with swelling and pain of right knee
Currently the patient has moderate dull pain in the right knee and left Achilles

Kavita Sinha, MD

**Documented By:** Kavita Sinha, MD
**Documented On:** 5/17/2022 1:25 PM


© 1996 - 2022 Concentra Health Services, Inc. All Rights Reserved.

Ventura Superior Court Accepted through eDelivery submitted 09-26-2022 at 08:48:20 AM

CASE #:56-2022-00570401-CU-OE-VTA RECEIPT #: 1221001D112738 DATE PAID : 10/1/22 7:52 AM TOTAL : 435.00 TYPE : EFT

Concentra Occupational Med Ctrs-CA
9700 De Soto Ave Chatsworth, CA 91311
Phone: (818) 882-8100 Fax: (818) 700-8255

# Transcription

**Patient:** Perez, Humberto **Service ID # :** 951597893
**Soc. Sec. #:** XXXXX1691 **Referral Q ID:**
**Date of Birth:** 8/17/1956 **Age:** **Injury Date:** 5/17/2022 **Service Date:** 5/17/2022
**Service Location:** CMC - LAX Chatsworth **Employer:** Ryder #8101
**Claim Number:** **Dictated By:** Kavita Sinha, MD
**Diagnosis:** S86.911A STRAIN OF UNSP MUSC/TEND AT LOWER LEG LEVEL, RIGHT LEG, INIT-S86.911A

**Notes:**

tendon at ankle
There are no other associated symptoms.
Has previous work related injuries to left shoulder and lower back
NSAIDS
PT
Ice/Heat
RTW with restrictions
RTC in two days

Chaperone was declined

.
.
This encounter was coded utilizing the current Evaluation and Management Guidelines
as adopted by the current year state fee schedule.
The work value of the visit contained in this report meets the Medical Decision
Making (MDM) criteria for complexity of the selected E/M code. The reported injury
necessitates the assessment and determination of the threat to ongoing harm to
bodily function or exacerbation of the injury, particularly when a decision is made
to return the patient to work (full duty or limited), and/or due to the
consideration of multiple treatment options. The work value was credited considering
AMA s definition that the final diagnosis for a condition does not, in and of itself,
determine the complexity or risk, as an extensive evaluation may be required to
reach the conclusion that the signs or symptoms do not represent a highly morbid

Kavita Sinha, MD

**Documented By: Kavita Sinha, MD**
**Documented On:** 5/17/2022 1:25 PM


© 1996 - 2022 Concentra Health Services, Inc. All Rights Reserved.

Ventura Superior Court Accepted through eDelivery submitted 09-26-2022 at 08:48:20 AM

CASE #:56-2022-00570401-CU-OE-VTA RECEIPT #: 1221001D112738 DATE PAID : 10/1/22 7:52 AM TOTAL : 435.00 TYPE : EFT

Concentra Occupational Med Ctrs-CA
9700 De Soto Ave Chatsworth, CA 91311
Phone: (818) 882-8100 Fax: (818) 700-8255

# Transcription

**Patient:** Perez, Humberto **Service ID # :** 951597893
**Soc. Sec. #:** XXXXX1691 **Referral Q ID:**
**Date of Birth:** 8/17/1956 **Age:** **Injury Date:** 5/17/2022 **Service Date:** 5/17/2022
**Service Location:** CMC - LAX Chatsworth **Employer:** Ryder #8101
**Claim Number:** **Dictated By:** Kavita Sinha, MD
**Diagnosis:** S86.911A STRAIN OF UNSP MUSC/TEND AT LOWER LEG LEVEL, RIGHT LEG, INIT-S86.911A

**Notes:**

condition. Therefore, presenting symptoms that could potentially represent a high morbidity condition may "drive" MDM even when the ultimate diagnosis is not highly morbid. The evaluation and/or treatment should be consistent with the likely nature of the condition, the circumstance of the incident, and the unique features of the individual patient. Multiple problems of a lower severity may, in the aggregate, create a higher clinical risk or impact return to work due to their cumulative effects. In addition to the AMA guideline criteria, we also request consideration for the Worker s Compensation unique work value including assessing causation, apportionment, work status, disability status, functional capacity, applicability of relevant treatment and/or disability duration guidelines and coordination of care for the treatment of the work related condition. This evaluation should be considered, for the applicable work value of the assessment, reflected in the Medical Decision Making Guidelines.

History and mechanism of injury were obtained directly from the patient, unless otherwise noted, and appear to be consistent with presenting symptoms and physical exam.

I declare under penalty of perjury that this report is true and correct to the best of my knowledge and that I have not violated Labor Code No. 139.3.
A comprehensive discussion was held with the patient to review the diagnosis and overall treatment plan and objectives.The patient verbally acknowledged their understanding of all items discussed, and was afforded an opportunity to get

Kavita Sinha, MD

**Documented By: Kavita Sinha, MD**
**Documented On:** 5/17/2022 1:25 PM


© 1996 - 2022 Concentra Health Services, Inc. All Rights Reserved.

Concentra Occupational Med Ctrs-CA
9700 De Soto Ave Chatsworth, CA 91311
Phone: (818) 882-8100 Fax: (818) 700-8255

# Transcription

**Patient:** Perez, Humberto **Service ID # :** 951597893
**Soc. Sec. #:** XXXXX1691 **Referral Q ID:**
**Date of Birth:** 8/17/1956 **Age:** **Injury Date:** 5/17/2022 **Service Date:** 5/17/2022
**Service Location:** CMC - LAX Chatsworth **Employer:** Ryder #8101
**Claim Number:** **Dictated By:** Kavita Sinha, MD
**Diagnosis:** S86.911A STRAIN OF UNSP MUSC/TEND AT LOWER LEG LEVEL, RIGHT LEG, INIT-S86.911A

**Notes:**

clarification and/or ask additional questions regarding the proposed treatment(s).
Patient was instructed to keep their scheduled appointments for follow-up and/or
return to Concentra.

Activity Status and Restrictions
Treatment Status:
Returning for follow-up: two days
Anticipated date of MMI: TBD
Activity Status
Return to modified work/activity today.
Work Duration
Patient may work their entire shift.
Restrictions: KEY - Occasionally = up to 3 hrs/day, Frequently = up to 6 hrs/day,
Constantly = up to 8 hours or greater per day
May not drive company vehicle due to functional limitations - can t get into cab
100% Sit down job only

Signatures
Electronically signed by : Kavita Sinha, M.D.; May 17 2022 1:25PM PST - Author

Kavita Sinha, MD

**Documented By:** Kavita Sinha, MD
**Documented On:** 5/17/2022 1:25 PM


© 1996 - 2022 Concentra Health Services, Inc. All Rights Reserved.


Ventura Superior Court Accepted through eDelivery submitted 09-26-2022 at 08:48:20 AM

CASE #:56-2022-00570401-CU-OE-VTA RECEIPT #: 1221001D112738 DATE PAID : 10/1/22 7:52 AM TOTAL : 435.00 TYPE : EFT

Ventura Superior Court Accepted through eDelivery submitted 09-26-2022 at 08:48:20 AM

CASE #:56-2022-00570401-CU-OE-VTA RECEIPT #: 1221001D112738 DATE PAID : 10/1/22 7:52 AM TOTAL : 435.00 TYPE : EFT

# EXHIBIT D

CMC-Chatsworth
9700 De Soto Avenue Chatsworth, CA 91311
Phone: 818-882-8100 Fax: 818-700-8255

Claim Number:

Service Date: 05/17/2022
Case Date: 05/17/2022

# Work Activity Status Report

Patient: Humberto Perez
Address: 3208 Bluebird Cir SIMI VALLEY, CA 93063
Home: (805) 298-2622 (H)
Work:

Last 4 Digits of SSN: 1691
Employer Location: Ryder #8101
Address: 10641 Almond Ave Fontana , CA 92337-7154
Authorized by: Josefina Carrillo

Date of Birth: 08/17/1956
Contact: Valarie Salazar
Role: Human Resources
Phone: 909-356-8555
Fax: 909-355-8873

## THIS VISIT

Visit Type: Initial
Treating Clinician: Kavita Sinha, M.D.
Time In: 12:33:00 PM CST Time Out: 01:27:19 PM CST

**Diagnoses:**
Knee strain, right, initial encounter (S86.911A)
Left ankle strain, initial encounter (S96.912A)
Achilles tendon sprain, left, sequela (S86.012S)

**Medications:**
- [x] Dispensed prescription medication
- [ ] Dispensed over-the-counter medication
- [ ] Medication(s) prescribed

## PATIENT STATUS

**Employer Notice:** The prescribed activity recommendations are suggested guidelines to assist in the patient's treatment and rehabilitation. Your employee has been informed that the activity prescription is expected to be followed at work and away from work.

**Treatment Status:**
Returning for follow-up: two days
Anticipated MMI Date: TBD

**Work Status:**
Return to modified work/activity today
Patient may work their entire shift

**Activity Prescription:**
Key*: **Occasionally** = up to 3 hrs/day; **Frequently** = up to 6 hrs/day; **Constantly** = up to 8 hours or greater per day

May not drive company vehicle due to functional limitations - can't get into cab
Additional Restrictions and Limitations: 100% Sit down job only\par

*Based on the Department of Labor definitions

## NEXT VISIT(S)

**Patient Notice:** It is essential to your recovery that you keep your scheduled appointments, but should you need to reschedule or cancel, please contact the clinic. Thank you for your cooperation.

| Visit Date and Time: | Medical | Therapy | Specialist | Clinician: |
|---|---|---|---|---|
| 05/19/2022 12:30 PM | ☑ | ☐ | ☐ | Kavita Sinha, MD |
| | ☐ | ☐ | ☐ | |
| | ☐ | ☐ | ☐ | |
| | ☐ | ☐ | ☐ | |
| | ☐ | ☐ | ☐ | |
| | ☐ | ☐ | ☐ | |


©Concentra, Inc.® 2019. All rights reserved. Confidential. Revised 070819.
Concentra®

Ventura Superior Court Accepted through eDelivery submitted 09-26-2022 at 08:48:20 AM
CASE #:56-2022-00570401-CU-OE-VTA RECEIPT #: 1221001D112738 DATE PAID : 10/1/22 7:52 AM TOTAL : 435.00 TYPE : EFT

Ventura Superior Court Accepted through eDelivery submitted 09-26-2022 at 08:48:20 AM

CASE #:56-2022-00570401-CU-OE-VTA RECEIPT #: 1221001D112738 DATE PAID : 10/1/22 7:52 AM TOTAL : 435.00 TYPE : EFT

# EXHIBIT E



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING** KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

Ventura Superior Court Accepted through eDelivery submitted 09-26-2022 at 08:48:20 AM

CASE #:56-2022-00570401-CU-OE-VTA RECEIPT #: 1221001D112738 DATE PAID : 10/1/22 7:52 AM TOTAL : 435.00 TYPE : EFT

June 22, 2022

Greg Freeburg
107 South Fair Oaks Avenue, 321
Pasadena, California 91105

RE: **Notice to Complainant's Attorney**
DFEH Matter Number: 202206-17371622
Right to Sue: Perez / Ryder Transportation Solutions, LLC

Dear Greg Freeburg:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency
GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

June 22, 2022

RE: **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 202206-17371622
Right to Sue: Perez / Ryder Transportation Solutions, LLC

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. You may contact DFEH's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to DFEH is requested or required.

Sincerely,



Ventura Superior Court Accepted through eDelivery submitted 09-26-2022 at 08:48:20 AM

CASE #:56-2022-00570401-CU-OE-VTA RECEIPT #: 1221001D112738 DATE PAID : 10/1/22 7:52 AM TOTAL : 435.00 TYPE : EFT



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758

(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711

http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

Ventura Superior Court Accepted through eDelivery submitted 09-26-2022 at 08:48:20 AM

CASE #:56-2022-00570401-CU-OE-VTA RECEIPT #: 1221001D112738 DATE PAID : 10/1/22 7:52 AM TOTAL : 435.00 TYPE : EFT

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING** KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

Ventura Superior Court Accepted through eDelivery submitted 09-26-2022 at 08:48:20 AM

CASE #:56-2022-00570401-CU-OE-VTA RECEIPT #: 1221001D112738 DATE PAID : 10/1/22 7:52 AM TOTAL : 435.00 TYPE : EFT

June 22, 2022

Humberto Perez
3208 Bluebird Circle
Simi Valley, CA 93063

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 202206-17371622
Right to Sue: Perez / Ryder Transportation Solutions, LLC

Dear Humberto Perez:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective June 22, 2022 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact DFEH's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING** KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

Ventura Superior Court Accepted through eDelivery submitted 09-26-2022 at 08:48:20 AM

CASE #:56-2022-00570401-CU-OE-VTA RECEIPT #: 1221001D112738 DATE PAID : 10/1/22 7:52 AM TOTAL : 435.00 TYPE : EFT

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

Ventura Superior Court Accepted through eDelivery submitted 09-26-2022 at 08:48:20 AM

CASE #:56-2022-00570401-CU-OE-VTA RECEIPT #: 1221001D112738 DATE PAID : 10/1/22 7:52 AM TOTAL : 435.00 TYPE : EFT

**COMPLAINT OF EMPLOYMENT DISCRIMINATION BEFORE THE STATE OF CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING Under the California Fair Employment and Housing Act (Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Humberto Perez

DFEH No. 202206-17371622

Complainant,

vs.

Ryder Transportation Solutions, LLC
11690 N.W. 105th Street
Miami, FL 33178

Respondents

---

**1.** Respondent **Ryder Transportation Solutions, LLC** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2**. Complainant **Humberto Perez**, resides in the City of **Simi Valley**, State of **CA.**

**3**. Complainant alleges that on or about **May 31, 2022**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's disability (physical or mental) and as a result of the discrimination was terminated, denied any employment benefit or privilege, denied reasonable accommodation for a disability, other, denied work opportunities or assignments.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation and as a result was terminated, denied any employment benefit or privilege, denied reasonable accommodation for a disability, other, denied work opportunities or assignments.

**Additional Complaint Details:** Humberto Perez was employed by Ryder Transportation Solutions, LLC as a driver from September 2018 until his unlawful termination on May 31,

Ventura Superior Court Accepted through eDelivery submitted 09-26-2022 at 08:48:20 AM

CASE #:56-2022-00570401-CU-OE-VTA RECEIPT #: 1221001D112738 DATE PAID : 10/1/22 7:52 AM TOTAL : 435.00 TYPE : EFT

2022. During his employment Humberto Perez was subjected to disability discrimination, failure to reasonably accommodate, failure to engage in the good faith interactive process, retaliation in violation of FEHA, and wrongful termination. During his employment, Ryder Transportation Solutions, LLC failed to prevent the discrimination and retaliation.

Ventura Superior Court Accepted through eDelivery submitted 09-26-2022 at 08:48:20 AM

CASE #:56-2022-00570401-CU-OE-VTA RECEIPT #: 1221001D112738 DATE PAID : 10/1/22 7:52 AM TOTAL : 435.00 TYPE : EFT

VERIFICATION

I, **Gregory S. Freeburg**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true.

On June 22, 2022, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Pasadena, CA**